COPPEDGE *et al. v.* COPPEDGE *et al.*

Cotenants may maintain a suit to recover their share of the common property from the executor of a deceased cotenant, who asserts an adverse claim to the whole.

DECEMBER 17, 1915.

Equitable petition. Before Judge Pendleton. Fulton superior court. December 23, 1914.

Mrs. Adeline Coppedge died in 1906, intestate, leaving $350 in

money ana certain household furnishings, which were inherited by her five children. Four of them filed a petition alleging that they left their share in the money and property with their sister, Miss Emma Coppedge, who by investment had increased the money to $600. Miss Emma died in 1914, leaving a will giving her entire estate to Z. T. Coppedge, who was nominated executor. The will has been probated in common form, and application has been made for probate in solemn form. The property now consists of a past-due note of $600 from C. F. Coppedge to Miss Emma Coppedge, indorsed by her to Z. T. Coppedge, and certain personalty approximating $150 in value. This property is in possession of Z. T. Coppedge, who is insolvent, and claims the property in its entirety as belonging to his testatrix, and who will collect the note, sell the personalty, and dissipate the proceeds. The prayer is, for a receiver to collect the note and take charge of the personalty and sell it; that petitioners' interests be decreed as a one-fifth interest each therein; for injunction against C. F. Coppedge from paying the note to Z. T. Coppedge; and for general relief. The court overruled a general demurrer.

*Napier, Wright & Wood,* for plaintiffs in error.

*Payne & Jones,* contra.

EVANS, P. J. (After stating the foregoing facts.) Five tenants in common agreed that one of them should remain in possession of the common property, which was personalty. The tenant in possession died, leaving a will disposing of her entire estate to one who was nominated executor. He is in possession of the property, claiming it as belonging to his testatrix, and the four cotenants are demanding an accounting. Even if a receivership is not necessary for that accounting, certainly the plaintiffs are entitled to a judgment for their respective interests in the property owned in common with the deceased·cotenant, whose executor is asserting an adverse claim. There was no error in overruling the demurrer.     *Judgment affirmed. All the Justices concur.*